KENNARD, J.
I dissent.
Under the “Three Strikes” law (Pen. Code, §§ 667, subds. (b)-(i) [legislative version], 1170.12 [initiative version]), defendant was sentenced to prison terms of 25 years to life for each of two current felony convictions: petty theft with a prior theft or theft-related conviction (id., § 666) and assault with a deadly weapon (id., § 245, subd. (a)(1)). Defendant committed these offenses by stealing a bottle of brandy from a market and then, while fleeing from the market, using the same bottle to assault the occupant of a home nearby as he attempted to traverse the victim’s yard. The majority holds that under the Three Strikes law the two prison terms must run *240 consecutively, yielding an effective or aggregate term of 50 years to life, because the two offenses were not “committed on the same occasion” and did not arise “from the same set of operative facts” within the meaning of a provision of that law (id., §§ 667, subd. (c)(6) [legislative version], 1170.12, subd. (a)(6) [initiative version]).
Because the two offenses occurred at different places and were committed against different victims, I agree that the two offenses did not arise from the same operative facts. But I do not agree that the offenses were not “committed on the same occasion.” The assault occurred within minutes of the theft and a short distance away, and defendant was still in flight after the theft, and had not reached a place of temporary safety, when he committed the assault.
As this court has said, “ ‘committed on the same occasion’ is commonly understood to refer to at least a close temporal and spatial proximity between two events, although it may involve other factors as well.” (People v. Deloza (1998) 18 Cal.4th 585, 594 [76 Cal.Rptr.2d 255, 957 P.2d 945].) But how close is close enough, and what other factors are relevant?
To answer these questions, it is helpful to consider other provisions of law concerning consecutive and concurrent sentencing because “we do not construe statutes in isolation, but rather read every statute ‘with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.’ ” (People v. Pieters (1991) 52 Cal.3d 894, 899 [276 Cal.Rptr. 918, 802 P.2d 420].)
One such provision is rule 425 of the California Rules of Court, which sets forth criteria affecting the decision to impose concurrent or consecutive sentences, including whether “[t]he crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.” (Cal. Rules of Court, rule 425(a)(3).) From this provision I infer that at least one purpose of examining the proximity of offenses in place and in time is to assess whether they could reasonably be characterized as parts of a single episode of “aberrant behavior.” A defendant who has committed offenses widely separated in space and time is considered more culpable than a defendant who committed the same offenses as a part of a single episode of aberrant behavior.
Another relevant provision of law is subdivision (d) of Penal Code section 667.6, which mandates consecutive sentences for certain sex crimes “if the crimes involve separate victims or involve the same victim on separate occasions.” It further explains that “[i]n determining whether crimes against *241 a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior.” (Ibid.) Although I do not suggest that “not... on the same occasion” under the Three Strikes law (Pen. Code, §§ 667, subd. (c)(6), 1170.12, subd. (a)(6)) has the exact meaning of “on separate occasions” under Penal Code section 667.6, subdivision (d), nevertheless, because of the two provisions’ similarity of. language and purpose, it is reasonable to infer that a defendant’s opportunity for reflection is a relevant factor in deciding whether offenses occurred on the “same occasion” under the Three Strikes law. Again, a defendant who chooses to continue criminal behavior after calm reflection, or a reasonable opportunity for calm reflection, is regarded as more culpable than a defendant who commits the same offenses as part of a single episode that affords no reasonable opportunity for such reflection.
Finally, the “escape rule” is also relevant. With one minor variation, that rule provides that a robbery or similar theft-related offense continues for purposes of accomplice liability and the felony-murder rule while the robber or thief is fleeing and until he or she reaches a place of temporary safety. (See People v. Cooper (1991) 53 Cal.3d 1158, 1166-1170 [282 Cal.Rptr. 450, 811 P.2d 742] [for accomplice liability, but not for felony-murder liability, carrying away the loot is also required]; People v. Salas (1972) 7 Cal.3d 812, 823 [103 Cal.Rptr. 431, 500 P.2d 7, 58 A.L.R.3d 832].) It is more than a little odd to conclude that a theft or robbery was not finished and was still in progress for purposes of accomplice liability and the felony-murder rule when a later offense was committed, and yet that the two offenses did not occur on the “same occasion” for purposes of sentencing under the Three Strikes law. To harmonize the entire scheme of criminal law, the sentencing provisions of the Three Strikes law should be viewed in the context of the escape rule.
Here,, the offenses of theft and aggravated assault occurred in close temporal and spatial proximity. The majority concedes that the time interval was, at most, two to three minutes, and the distance at most one to three blocks. (Maj. opn., ante, at p. 228.) The majority also concedes that defendant was fleeing from the first crime scene with the stolen property when he committed the second offense. (Ibid.) Nonetheless, the majority concludes that the offenses occurred on separate occasions because they were not committed simultaneously and because they were committed at separate locations and against separate victims. (Ibid.) I disagree. The two incidents were sufficiently close in time and place to indicate a single period of aberrant behavior. Moreover, because defendant was in flight from the theft, *242 and because the assault was an unplanned reaction to the victim’s attempt to apprehend him, defendant did not have a meaningful opportunity to reflect before commission of the aggravated assault. I therefore conclude that the offenses occurred on the “same occasion” within the meaning of the Three Strikes law, and that the sentencing court had discretion to run the prison terms for these offenses either consecutively or concurrently.
In the exercise of its discretion, of course, the sentencing court might well decide to run the terms consecutively, and nothing in the appellate record suggests that the court would abuse its discretion in doing so. But the court could also decide to run the terms concurrently. Here, the court did not exercise its discretion because it concluded, erroneously in my view, that the Three Strikes law mandated consecutive terms. Therefore, I would direct the Court of Appeal to remand this case to the superior court for resentencing so that the trial court, guided by the criteria set forth in the California Rules of Court, could exercise its discretion to decide whether defendant should serve the two prison terms consecutively or concurrently. Under the law, the decision is one committed to the sentencing court’s discretion, guided; it is not a decision for a reviewing court to make as a matter of law.
It is hardly surprising that the members of this court disagree on whether defendant’s crimes occurred on the “same occasion.” This court has said that it is “very difficult, if not impossible, to consistently implement” a rule that depends on whether crimes were committed on the same occasion. (People v. King (1993) 5 Cal.4th 59, 77 [19 Cal.Rptr.2d 233, 851 P.2d 27].) This court quoted with approval a Court of Appeal decision stating that determining “ ‘what is an “occasion” . . . has threatened judicial sanity . . . .’” (Id. at p. 73, quoting People v. Raby (1986) 179 Cal.App.3d 577, 585 [224 Cal.Rptr. 576].) To ensure more consistent implementation of sentencing provisions, the Legislature, the drafters of initiative measures, and the electorate may wish to reconsider provisions of the Penal Code that use this terminology.
Werdegar, J., concurred.
Appellant’s petition for a rehearing was denied October 3, 2000, and the opinion was modified to read as printed above. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.